UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JTH TAX LLC, *d/b/a Liberty Tax Service, f/k/a JTH Tax, Inc.*, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | EP-22-CV-00394-DCG |
| LUZ REYES, *d/b/a American Eagle Tax Service* | | |
| *Defendant.* | | |

## AMENDED SCHEDULING ORDER

The Court **GRANTS** Plaintiff JTH Tax LLC *d/b/a* Liberty Tax Service's "First Unopposed Motion to Amend Scheduling Order" (ECF No. 20) **IN PART**[1] and **AMENDS** the "Scheduling Order" (ECF No. 12) as follows. For the parties' convenience, the Court has highlighted the changed dates in **RED**.

---

[1] Plaintiff's Motion proposes to move the expert designation deadline for parties resisting claims for relief to November 4, 2023. *See* Mot. at 2. Because that date is a Saturday, the Court has instead pushed that deadline to the following business day. *See* FED. R. CIV. P. 6(a)(1)(C).

Plaintiff has also proposed to move the discovery deadline, the dispositive motion deadline, and several other deadlines to dates in 2023 that have already expired. *See* Mot. at 2. The Court presumes those are typographical errors, and that Plaintiff meant to request dates in 2024.

Finally, Plaintiff has also proposed to move the pretrial conference to Friday, June 28, 2024. *See id.* at 3. Because this Court customarily conducts pretrial conferences on Thursdays, the Court has instead rescheduled the pretrial conference for Thursday, June 27, 2024.

In all other respects, the Court has granted Plaintiff the relief it requested in its Motion.

- 1 -

## A. DEADLINES AND SETTINGS

**4**    **October 5, 2023**    All parties asserting claims for relief shall **FILE** their designation of testifying experts with the Court, including the names of the designated experts, and shall **SERVE** on all parties, but not file, the materials required by Fed R. Civ. P. 26(a)(2)(B). All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert.

**Regarding disclosure of a non-retained expert, see further instructions in Part B of this Order.**

**5**    **November 6, 2023**    Parties resisting claims for relief shall **FILE** their designation of testifying experts with the Court, including the names of the designated experts, and shall **SERVE** on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B). All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert.

**6**    An objection to the reliability of an expert's proposed testimony under Fed. R. Evid. 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **thirty (30) days** of receipt of the written report of the expert's proposed testimony, or within **thirty (30) days** of the expert's deposition, if a deposition is taken, whichever is later.

**7**    **January 3, 2024**    The parties shall complete **all fact and expert discovery**, including any supplementation of disclosures and responses under Federal Rule of Civil Procedure 26.

Counsel may by agreement continue discovery beyond the deadline, but there will be <u>**no intervention**</u> by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

**8**    **January 3, 2024**    All motions to continue the trial date shall be filed. Any such motions shall include detailed grounds for the requested delay and shall note the number and dates of prior motions to continue the trial date that the Court has granted.

**9**    **January 17, 2024**    The parties shall file all discovery-related motions.

| | | |
|---|---|---|
| **10** | **March 4, 2024** | All **dispositive motions** shall be filed. A response to a dispositive motion must be filed not later than 14 days after the filing of the motion, and a reply in support of the motion may be filed not later than 7 days after the filing of the response to the motion. The proximity of the trial setting limits the Court's discretion in granting motions to continue beyond this deadline. |
| | | Absent leave of the Court, a summary judgment motion, the response thereto, and the reply in support thereof are limited to, respectively, 20, 20, and 10 pages, exclusive of the caption, the signature block, any certificate, and any accompanying documents. |
| | | The parties must comply with this Court's "Standing Order Regarding Motions for Summary Judgment."[2] A non-compliant motion or responsive brief may be summarily terminated or stricken by the Court. |
| **11** | **April 16, 2024** | The parties shall conclude the dispute resolution process they have selected. |
| **12** | **April 29, 2024** | The parties shall file a final report, *see* Local Rule CV-88(g), indicating that they have complied with the dispute resolution process requirement, a notice of outcome, the method of ADR, and whether the case has settled. |
| **13** | **June 27, 2024, at 2:00 p.m.** | – This case is set for a **final pretrial conference** pursuant to Federal Rule of Civil Procedure 16 in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas. |

The Court may consider and take appropriate action on any of the matters itemized in Local Rule CV-16(f)–(g). In addition, the Court will address the parties' preparations for trial, discuss courtroom decorum, and resolve any pending matters.

Notwithstanding the provisions of Local Rule CV-16(f), each party must serve and file the information provided for in Local Rule CV-16(f) at least **twenty-one (21)** days before the scheduled date for the final pretrial conference.

Notwithstanding the provisions of Local Rule CV-16(g), each party must serve and file the information provided for in Local Rule CV-16(g) at least **ten (10)** days before the scheduled date for the final pretrial conference.

---

[2] *See* https://www.txwd.uscourts.gov/judges-information/standing-orders/ (click "El Paso Division," and then look under "U.S. District Judge Guaderrama").

**14**     **July 8, 2024**, at 9:00 a.m. – This case is set for **BENCH TRIAL**[3] in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

## B.     ADDITIONAL INSTRUCTIONS AND ORDERS

Unless otherwise directed in a future Order of this Court, all other deadlines, not mentioned herein, are governed by the Local Rules of this District and the Federal Rules of Civil Procedure.

In the event that any of above deadlines falls on a weekend, legal holiday, or court holiday, the deadline is modified to be the next Court business day.

The parties are ordered to file a written motion of any conflict with the above scheduled trial date **within ten (10) days** of the date of this order. Failure to comply with this requirement will waive any continuance based upon a conflict in trial schedules.

**Scheduling Order Modification:** Only changes to the **items numbered 8, 9, 10, 13 and 14** above require leave of Court and will be considered following an appropriate motion; however, the parties are required to file notice with the Court indicating the deadlines of any mutually agreed changes to the items numbered above. A change in any deadline contained herein will not extend any other deadlines unless those deadlines are specifically extended by order of the Court.

**Notice of Settlement and Dismissal Papers**: If the parties reach a settlement or otherwise resolve the case, the parties **MUST PROMPTLY FILE** a written notice, apprising the Court of their settlement or resolution, and if they require additional time (not exceeding 30 days, unless good cause is shown) to file dismissal papers, advising the Court by when, they expect to file such papers. To the extent the parties are unable to file dismissal papers **by at least 30 days** before trial, they **MUST FILE** a motion to vacate trial setting, stating why they are unable to file dismissal papers by that time.

**Non-Retained Expert Disclosures**: Under Rule 26(a)(2), a party must make three disclosures about non-retained experts: (1) the expert's identity; (2) "the subject matter on which the witness is expected to present evidence"; and (3) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(A), 26(a)(2)(C). With respect to the third requirement, it is wholly insufficient to simply state, without more, the topic the non-retained expert will testify about; otherwise, it would be duplicative of Rule 26(a)(2)(C)(i), which requires disclosing the "subject matter" about which the expert is expected to testify.

---

[3] The parties' Federal Rule of Civil Procedure 26(f) Report states that neither "party demands or has demanded or has demanded a trial by jury." Rule 26(f) Report, ECF No. 10, at 4.

**So ORDERED and SIGNED this 2nd day of October 2023.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**